# Syllabus

Chief Justice:

Robert P. Young, Jr.

Justices:

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
John O. Juroszek

## PEOPLE v MINCH

Docket No. 144631. Argued October 25, 2012. Decided December 21, 2012.

Kurtis R. Mich pleaded guilty in the Muskegon Circuit Court to charges of possessing a short-barreled shotgun, MCL 750.224b, and possessing a firearm during the commission of a felony, MCL 750.227b. The court, Timothy G. Hicks, J., granted defendant's motion to have numerous other firearms, which were not contraband but had been lawfully seized during a police raid of his home, turned over to defendant's mother, who had a durable power of attorney to attend to defendant's affairs while he was in prison. The prosecution appealed by leave granted. The Court of Appeals, HOEKSTRA, P.J., and K. F. KELLY and BECKERING, JJ., affirmed, holding that denying defendant's designee the right to take possession of the weapons would deprive defendant of his property without due process of law. 295 Mich App 92 (2011). The prosecution applied for leave to appeal. The Supreme Court ordered and heard oral argument on whether to grant the application or take other peremptory action. 491 Mich 931 (2012)

In an opinion per curiam signed by Chief Justice YOUNG and Justices MARKMAN, MARY BETH KELLY, and ZAHRA, the Supreme Court *held*:

Michigan's felon-in-possession statute, MCL 750.224f, prevents a police department from delivering lawfully seized noncontraband firearms to the designated agent of a convicted felon. However, the statute does not prevent a court from appointing a successor bailee to maintain possession of a felon's weapons during his or her period of legal incapacity.

1. Under MCL 750.224f(2), persons convicted of specified felonies may not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until certain conditions have been met. However, the statute does not sever a felon's ownership interest in his or her firearms. Accordingly, in this case the police department became a constructive bailee of the noncontraband firearms. Defendant could not directly possess his noncontraband firearms under the statute. Nor could defendant constructively possess the firearms. The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband. Were defendant to designate an agent to possess the firearms on his behalf and were the agent to do so, defendant would be in violation of the statute because a sufficient nexus would remain between defendant and the firearms. However, it would be lawful for another third party, including defendant's mother, to assume possession of the firearms as bailee. Unlike an agent, a bailee by definition remains free from the felon's control. Because nothing prevents a person from serving as both an agent of and a bailee for someone,

one person could serve as bailee of defendant's firearms and as defendant's agent for purposes of managing his other property.

2. When analyzing a due process claim, courts first ask whether there exists a liberty or property interest of which a person has been deprived and, if so, whether the procedures followed by the state were constitutionally sufficient. In this case, the Court of Appeals erred when it concluded that the police department's continued possession of defendant's firearms as bailee violated defendant's right to due process. With regard to his possessory interest in the firearms, defendant received all the process to which he was due when he pleaded guilty of the underlying felonies. The Court of Appeals' decision in *Banks v Detroit Police Dep't*, 183 Mich App 175 (1990), which held to the contrary, was overruled.

3. In its ultimate disposition of the firearms, the circuit court must use precise language so as not to authorize a violation of MCL 750.224f. The circuit court may order the police department to turn the firearms over to an appointed successor bailee as long as the order is clear that the nature of the relationship between defendant the successor is that of a bailment and that defendant must have no control over or access to the firearms. Defendant's mother may possess the firearms as long as she does so as a bailee and not as defendant's agent. The successor bailee may not engage in any actions that would destroy defendant's ownership rights in the firearms, such as selling them. If no successor bailee is willing to hold the firearms under the conditions the circuit court outlines, the police department may retain possession as constructive bailee until defendant is lawfully entitled to possess them.

Judgment of the Court of Appeals reversed; circuit court order requiring that the firearms be turned over to defendant's mother vacated; case remanded to the circuit court for entry of an order clarifying the disposition of the firearms.

Justices CAVANAGH, MARILYN KELLY, and HATHAWAY concurred in the result only.

©2012 State of Michigan

# Opinion

Chief Justice:         Justices:
Robert P. Young, Jr.   Michael F. Cavanagh
                       Marilyn Kelly
                       Stephen J. Markman
                       Diane M. Hathaway
                       Mary Beth Kelly
                       Brian K. Zahra

FILED DECEMBER 21, 2012

S T A T E  O F  M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                                                    No. 144631

KURTIS RAY MINCH,

      Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

At issue in this case is whether Michigan's "felon in possession" statute, MCL 750.224f, prevents a police department from delivering lawfully seized noncontraband firearms to the designated agent of a convicted felon. We conclude that it does. The statute does not, however, prevent a court from appointing a successor bailee to maintain possession of a defendant's weapons during his or her period of legal incapacity. Therefore, we reverse the Court of Appeals' judgment, vacate the circuit court's order of November 24, 2010, and remand this matter to the circuit court for entry of an order not inconsistent with this opinion that clarifies its disposition of the firearms.

Following a domestic disturbance, the Fruitport Police Department executed a search warrant and lawfully seized 87 firearms from defendant's home. Of these, defendant lawfully owned 86, but he illegally possessed one short-barreled shotgun. Defendant was charged with and pleaded guilty to one count of possession of a short-barreled shotgun[1] and one count of felony-firearm.[2]

After his sentencing, defendant moved to have all of his lawfully owned weapons, which were still in the police department's possession, "returned to Carol Cutler [defendant's mother], as designated by Defendant in his proposed Durable Power of Attorney . . . ." In arguing the motion, defendant's counsel informed the court that defendant and counsel "would advise" defendant's mother to sell the weapons in accordance with the authority conveyed in the power of attorney. The Muskegon Circuit Court granted defendant's motion in an order dated November 24, 2010, over the prosecution's objection.

The prosecution appealed by leave granted. The Court of Appeals affirmed the circuit court's decision in a published opinion per curiam, holding that "denying defendant's designee the right to take possession of the weapons would deprive defendant of his property without due process of law."[3] Having heard oral argument on the prosecution's application for leave to appeal,[4] we reverse the judgment of the Court of

---

[1] MCL 750.224b.

[2] MCL 750.227b.

[3] *People v Minch*, 295 Mich App 92, 95; 811 NW2d 571 (2011).

[4] See *People v Minch*, 491 Mich 931 (2012).

Appeals and remand this case to the circuit court for further proceedings not inconsistent with this opinion.

MCL 750.224f(2) states:

A person convicted of a specified felony[5] shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(*i*) The person has paid all fines imposed for the violation.

(*ii*) The person has served all terms of imprisonment imposed for the violation.

(*iii*) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws.

Under this statute, defendant cannot directly possess his firearms because he is a convicted felon. Nor can defendant constructively possess the firearms. This Court has held that for possessory crimes in Michigan, actual possession is not required; constructive possession is sufficient.[6] The test for constructive possession is whether "the totality of the circumstances indicates a sufficient nexus between defendant and the

---

[5] Both of defendant's convictions qualify as "specified felon[ies]." See MCL 750.224f(6)(*iii*).

[6] *People v Johnson*, 466 Mich 491, 500; 647 NW2d 480 (2002).

3

contraband."[7]  "Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons . . . ."[8]  Thus, if defendant designates an agent to possess the firearms on his behalf and the agent does so, defendant is in violation of MCL 750.224f(2) because a sufficient nexus would remain between defendant and the firearms.

While MCL 750.224f(2) suspends a felon's possessory interest in his or her firearms until the statutorily enumerated conditions are met, nothing in the statute severs a felon's ownership interest in his or her firearms.[9]  Thus, a felon continues to own his or her firearms but may not actually or constructively possess them or engage in any of the other prohibited activities listed in the statute.[10]  Accordingly, neither the police department's lawful seizure of the firearms at issue here nor its continued possession of the firearms deprived defendant of his ownership rights in the firearms.

---

[7] *Id.*

[8] *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (quotation marks and citations omitted).

[9] That a convicted felon loses his or her possessory interest, but not his or her ownership interest in the firearms is consistent with many federal cases addressing the issue. See, e.g., *United States v Miller*, 588 F3d 418, 420 (CA 7, 2009) ("Because the United States did not commence a timely forfeiture proceeding, Miller's property interest in the firearms continues even though his possessory interest has been curtailed."); *Cooper v City of Greenwood*, 904 F2d 302, 304 (CA 5, 1990) ("[W]e hold that Cooper's claimed ownership interest in the firearms survived his criminal conviction . . . .").

[10] If a defendant were to subsequently engage in any of the prohibited activities listed in MCL 750.224f, the weapons would be subject to forfeiture pursuant to MCL 750.239.

4

We agree with the prosecution that a constructive bailment has been created between defendant and the police department.[11] As a constructive bailee of the noncontraband weapons,[12] the police department is charged with all the attendant duties and obligations of a bailee.[13] Nothing in MCL 750.224f precludes the appointment of a successor bailee to maintain possession of a felon's weapons for the duration of the felon's incapacity. Thus, it would be lawful for another third party, including defendant's mother, to assume possession of these firearms as bailee.

To ensure compliance with MCL 750.224f, the person appointed by the court to assume possession of a felon's firearms must do so as a bailee, not as the felon's agent. Unlike an agent, a bailee, by definition, remains free from the felon's control.[14] This is especially important where, as here, the bailor's desires for the disposition of the property may be adverse to the bailee's permissible actions.[15] The distinction between a bailee

---

[11] A constructive bailment "arises . . . where a person has lawfully acquired possession of personal property of another otherwise than by a mutual contract of bailment . . . ." 8A Am Jur 2d, Bailments, § 12, pp 533-534.

[12] See 8A Am Jur 2d, Bailments, § 2, p 522 n 4 ("A sheriff or other officer who takes custody of the property of another may be a constructive bailee of the property.").

[13] See *Godfrey v City of Flint*, 284 Mich 291, 297-298; 279 NW 516 (1938) (concluding that a bailee owes the bailor a duty to preserve the property with the ordinary care that a prudent person would apply to his or her own property).

[14] See 2A CJS, Agency, § 13, pp 313-314 ("A bailee over whose actions the bailor has no control is not an agent, even though he or she acts for the benefit of the bailor."); see also 8A Am Jur 2d, Bailments, § 17, p 539 ("The primary distinction between an agency and a bailment is the bailee's freedom from control by the bailor . . . .").

[15] 8A Am Jur 2d, Bailments, § 17, p 539 ("In a bailment relationship, the interests of the parties may be completely antagonistic, whereas a person who undertakes to act as an agent for another cannot deal in the agency matter for his or her own benefit without the

and an agent is essential, especially if defendant's mother is appointed successor bailee because her power of attorney already suggests the existence of an agency relationship.[16] Because nothing prevents a person from serving as both an agent of and a bailee for someone,[17] one person could serve as bailee of defendant's firearms and as defendant's agent for purposes of managing all his other property. But if defendant retained control over the firearms, the person holding the firearms would be acting as an agent, rather than a bailee, and would be aiding and abetting defendant's violation of MCL 750.224f(2).[18]

The Court of Appeals erred when it concluded that the police department's continued possession of defendant's firearms as a bailee violated defendant's right to due process. In analyzing a claim under the Due Process Clause, "[w]e first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."[19] Regarding defendant's possessory interest in his weapons, he received all the process to which he was due when he pleaded guilty of the underlying felonies, became a convicted

---

consent of the principal, freely given with full knowledge of every detail known to the agent which might affect the transaction.").

[16] See *Persinger v Holst*, 248 Mich App 499, 503; 639 NW2d 594 (2001).

[17] 8A Am Jur 2d, Bailments, § 17, pp 538-539 ("[A] bailee may also be an agent of the bailor for some purposes with respect to the subject matter of the same transaction or for other purposes . . . .").

[18] Defendant's control over the agent would create the necessary nexus required for constructive possession. See *Johnson*, 466 Mich at 500.

[19] *Swarthout v Cooke*, 562 US ___, ___; 131 S Ct 859, 861; 178 L Ed 2d 732 (2011); see also *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App 604, 605-606; 683 NW2d 759 (2004).

6

felon, and was rendered statutorily ineligible to possess his 86 firearms.[20]  No additional process is required to determine that defendant cannot possess these firearms because "the law's requirements turn on [a defendant's felony] conviction alone—a fact that a convicted [defendant] has already had a procedurally safeguarded opportunity to contest."[21]  Moreover, because the police department does not seek to deprive defendant of his *ownership* interest in his firearms, no due process violation has occurred.[22]

The Court of Appeals also erred by relying on *Banks v Detroit Police Department*.[23]  We now overrule the erroneous decision in *Banks*.  In *Banks*, the Detroit Police Department seized various firearms, jewelry, and cash while executing a search warrant on Alfonso Banks's house.[24]  No charges were brought against Banks after the seizure, but the department refused to return the firearms because Banks was a convicted felon.[25]  Like the defendant here, Banks sought to have the firearms turned over to a third party.  The Court of Appeals panel held that Banks was entitled to "designate an

---

[20] *United States v Felici*, 208 F3d 667, 670 (CA 8, 2000) ("When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court *need not hold an evidentiary hearing*.") (emphasis added).

[21] *Conn Dep't of Pub Safety v Doe*, 538 US 1, 7; 123 S Ct 1160; 155 L Ed 2d 98 (2003).

[22] See note 9 of this opinion.  As stated by the prosecution, "The Fruitport Police Department recognizes Defendant's ownership interest in the firearms, subject to the limitations imposed by MCL 750.224f."

[23] *Banks v Detroit Police Dep't*, 183 Mich App 175; 454 NW2d 198 (1990).

[24] *Id.* at 177.  At the time, Michigan did not have a "felon in possession" statute, but the police department argued that Banks's possession of the firearms violated the similar federal statute, 18 USC 922(g).

[25] *Banks*, 183 Mich App at 177-178.

individual to receive the guns or produce the owners of the guns to reclaim them," concluding that continued possession by the police department deprived Banks of his property interest in the weapons without due process of law.[26] But this decision, utterly devoid of analysis, failed to consider that Banks, who did not even own the firearms, received sufficient due process regarding any possessory interest he had in the firearms when he became a convicted felon in the first place. Thus, contrary to the panel's conclusion, no due process violation occurred in *Banks*, and the instant Court of Appeals panel's reliance on *Banks* was misplaced.

In its ultimate disposition of defendant's firearms, the Muskegon Circuit Court must use precise language so as not to authorize a violation of MCL 750.224f. The circuit court may order the police department to turn over the firearms to an appointed successor bailee as long as the operative order is clear that the nature of the relationship between defendant and the successor is that of a bailment and that defendant must have no control over or access to the firearms whatsoever. Even defendant's mother, who had a durable power of attorney to attend to defendant's affairs while he was incarcerated, may possess the firearms as long as she does so as a bailee and not as defendant's agent.[27] The successor bailee may not engage in any actions that would destroy defendant's

---

[26] *Id.* at 180.

[27] The power of attorney is evidence of an agency relationship between defendant and his mother. See *Persinger*, 248 Mich App at 503. This agency relationship is not incompatible with defendant's mother holding the guns as a bailee, but it emphasizes the need for clarity in the circuit court's order. The circuit court's November 24, 2010, order was problematic because it created ambiguity about the mother's authority.

ownership rights in the guns.[28]  If no replacement bailee is willing to hold the firearms in accordance with the conditions outlined by the court, then the police department may retain possession as constructive bailee until defendant is lawfully entitled to possession of his firearms.  Any of the foregoing dispositions more than satisfy the due process rights attendant to defendant's ownership interest in his firearms.

Accordingly, we reverse the judgment of the Court of Appeals, vacate the circuit court's order of November 24, 2010, and remand this matter to the circuit court for entry of an order not inconsistent with this opinion that clarifies its disposition of the firearms.

> Robert P. Young, Jr.
> Stephen J. Markman
> Mary Beth Kelly
> Brian K. Zahra

CAVANAGH, MARILYN KELLY, and HATHAWAY, JJ.  We concur in the result only.

> Michael F. Cavanagh
> Marilyn Kelly
> Diane M. Hathaway

---

[28] Destroying defendant's ownership rights would violate the duty of care owed by a bailee to a bailor.  See 8A Am Jur 2d, Bailments, § 77, pp 77-78.  At oral argument defendant's attorney suggested that defendant's mother would sell the guns.  This would be impermissible, for to do so at defendant's instruction would be in violation of MCL 750.224f(2), and to do so independently would destroy defendant's ownership interest.  If defendant's mother becomes a bailee, she may take no action other than to hold the guns until defendant's possession rights are reinstated.