# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

LOREE KEITH WILLIAMS,

       Defendant-Appellant.

UNPUBLISHED
May 21, 2015

No. 320066
Wayne Circuit Court
LC No. 13-000302-FH

Before: WILDER, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Loree Keith Williams, appeals by right his jury convictions of possession of a firearm while ineligible to do so (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(1). The trial court sentenced Williams to serve two years on probation for the felon-in-possession conviction, and to serve five years in prison for the felony-firearm conviction. Because we conclude there were no errors warranting relief, we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Williams first contends that there was insufficient evidence to support his convictions for felon-in-possession and felony-firearm. This Court reviews a challenge to the sufficiency of the evidence by examining the "record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009).

MCL 750.224f bars persons who have been convicted of certain felonies from, in relevant part, carrying or possessing a firearm unless certain conditions have been met. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). Here, the parties stipulated that Williams was ineligible to possess a firearm under the statute. See *People v Swint*, 225 Mich App 353, 377-379; 572 NW2d 666 (1997). Moreover, a violation of MCL 750.224f may serve as the underlying predicate felony under MCL 750.227b, which prohibits persons from carrying or possessing a firearm during the commission of a felony. See *People v Calloway*, 469 Mich 448; 671 NW2d 733 (2003). For both crimes, actual possession is not required; it is sufficient to establish that the defendant had constructive possession. *Minch*, 493 Mich at 91; *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011).

-1-

On appeal, Williams maintains there was insufficient evidence to establish that he actually or constructively possessed the firearm at issue. At trial, officers Brian Headapohl and Eric Smiegielski testified that they saw a hand holding a revolver that was sticking through a hole in the door. Headapohl peered through the hole in the door and saw that it was Williams holding the gun. During a subsequent search of the home, the officers discovered the silver revolver that was put through the hole and an AK-47, which was within Williams' ready access; moreover, there were no other persons in the home. When this testimony and evidence is considered along with the stipulation to Williams' prior felony conviction, a reasonable jury could find that the prosecution had proved that Williams actually or constructively possessed a firearm in violation of both statutes.

Essentially, Williams questions the officers' testimony on the basis of their inconsistent characterization of the revolver as silver or gray. Even assuming the officers' testimony was materially inconsistent, as opposed to a mere difference of opinion as to how the color should be described, the inconsistency would be a matter of credibility and this Court does not address issues of credibility on appeal. *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005). The jury apparently accepted Headapohl's testimony that he saw Williams holding the revolver. And that testimony was sufficient to show that Williams was in actual possession of the revolver. *Minch*, 493 Mich at 91; *Johnson*, 293 Mich App at 83.

There was sufficient evidence to support Williams' convictions.

## II. INEFFECTIVE ASSISTANCE

Next, Williams argues that his trial lawyer's decision to stipulate to his prior felony conviction amounted to ineffective assistance of counsel. In order to establish his claim, Williams must show that his trial lawyer's decision to stipulate fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for the error, the result of the proceeding would have been different. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864. Because the trial court did not hold a hearing on this claim, our review is limited to examining the lower court record alone. *Id.* at 20. We review de novo as questions of law both whether Williams' lawyer's decision fell below an objective standard of reasonableness under prevailing professional norms and whether the error, if any, prejudiced Williams. *Id.* at 19-20.

In order to convict Williams of felon-in-possession, the prosecutor had to present evidence that Williams was ineligible to possess a firearm under the statute as a result of a prior felony conviction. See MCL 750.224f(2); *People v Perkins*, 473 Mich 626, 630-632; 703 NW2d 448 (2005). Although proof of a felony conviction is an element, the prosecutor and defense lawyer may agree to stipulate that the defendant has been convicted of a prior felony in order to minimize any prejudice occasioned by the proof of the prior felony. *People v Green*, 228 Mich App 684, 691-692; 580 NW2d 444 (1998). In fact, a defendant has a right to stipulate to his status as a convicted felon in order to prevent the jury from discovering the nature of his prior conviction. *Swint*, 225 Mich App at 377-379.

Here, Williams' lawyer stipulated that Williams had been convicted of a felony and, as a result, was ineligible to possess a firearm. Williams contends that his lawyer was ineffective because he agreed to stipulate to the conviction without obtaining Williams' consent. The decision to stipulate was a matter of trial strategy. And although Williams had the right to consult with his lawyer regarding important decisions, such as the general defense strategy, this right does not extend to every tactical decision. *Florida v Nixon*, 543 US 175, 187; 125 S Ct 551; 160 L Ed 2d 565 (2004). Because Williams' trial lawyer could stipulate to the prior conviction without first obtaining Williams' permission as a matter of reasonable trial strategy, see *People v Buie*, 491 Mich 294, 310-315; 817 NW2d 33 (2012), Williams has not established that his lawyer's decision to do so fell below an objective standard of reasonableness under prevailing professional norms. *Gioglio*, 296 Mich App at 22.

Even if we were to conclude that Williams' lawyer's decision fell below an objective standard of reasonableness, Williams cannot show prejudice. *Id*. Williams has not established that he had not in fact been convicted of a felony or that he was otherwise eligible to possess a firearm. In the absence of such evidence, Williams cannot establish that there is a reasonable probability that, but for the stipulation, the jury would not have convicted him. *Id*. Indeed, the only issue at trial was whether the officers actually saw Williams in possession of a firearm. To that end, Williams' lawyer cross-examined the prosecution witnesses in an apparent attempt to impeach their credibility and show that they never saw Williams in actual possession of any firearm. Under these circumstances, it was a legitimate strategic decision for Williams' trial lawyer to stipulate to an unnamed prior felony, rather than allowing the prosecution to enter evidence of Williams' actual conviction, in order to concentrate on undermining the officers' credibility. *Id.* at 23.

### III. SENTENCING

Williams finally contends that the trial court erred in assessing 15 points under offense variable (OV) 1.[1] This Court reviews de novo a trial court's interpretation and application of the sentencing guidelines, but reviews for clear error the findings underlying its application. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Under MCL 777.31(1)(c), the trial court must score 15 points if the defendant pointed a firearm at a victim. If the defendant merely "displayed or implied" a firearm, the trial court must score five points. MCL 777.31(1)(e). At sentencing, Williams objected to the assessment of 15 points under OV 1, arguing instead that only five points should be assessed. He maintained that he was acquitted of felonious assault in the prior trial on these charges, and therefore, the trial

---

[1] Williams also argues that the trial court erred in scoring OV 9 when it found that there was one victim. However, Williams provided no factual or legal support for his claim on appeal, and therefore, has abandoned it. *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014). Additionally, even if we were to address this claim, the trial court found that there was one victim, Headapohl, which finding actually reduced the applicable score. Cf. MCL 777.39(1)(c) and MCL 777.39(1)(d). Hence, any error would not warrant relief.

court could not assess variable points for conduct that a jury deemed lawful. Further, he argued that the testimony at trial showed that he pulled the gun back as soon as he knew the individuals on the other side of the door were officers, so points could be assessed for the displaying of a firearm but not for pointing a firearm at the officer. In response, the prosecution argued that the standard of proof for sentencing was only preponderance of the evidence, and this standard was supported by testimony that Williams pointed a firearm at Headapohl. In rebuttal, Williams argued the prosecutor still had to prove that the pointing of the firearm at Headapohl "was wrongful," and it was not. The trial court found that there was sufficient evidence to support an assessment of 15 points under OV 1.

The trial court properly assessed 15 points under OV 1. While "OV 1 is an 'offense-specific' variable," and therefore, the trial court is limited to considering the sentencing offense alone, *People v Chelmicki*, 305 Mich App 58, 72; 850 NW2d 612 (2014), it can consider all of Williams' conduct during that offense. See *People v McGraw*, 484 Mich 120, 133-134; 771 NW2d 655 (2009). Headapohl testified that Williams pointed the revolver directly at his chest before he saw that Headapohl and Smiegielski were officers and retracted the gun through the hole in the door. And this evidence was sufficient to permit the trial court's finding. The trial court did not clearly err in finding that Williams pointed the revolver at Headapohl. *Hardy*, 494 Mich at 438. Therefore, the trial court had to score OV 1 at 15 points. MCL 777.31(1)(e).

There were no errors warranting relief.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Donald S. Owens
/s/ Michael J. Kelly