# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEWEREL WEBSTER MCGOWAN III,

        Defendant-Appellant.

UNPUBLISHED
November 15, 2016

No. 330733
Lenawee Circuit Court
LC No. 13-016472-FH

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of felon in possession of a firearm (felon-in-possession), MCL 750.224f. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 46 to 240 months' imprisonment. Because there was sufficient evidence to support his conviction, we affirm.

## I. BASIC FACTS

Defendant, a paraplegic paralyzed from the waist down, was a front-seat passenger in a Cadillac Escalade returning to Michigan from Florida when it was stopped on US-223 for speeding. RHINO, a multi-jurisdictional task force focused on mid-to-high-level narcotics enforcement, had surveyed the Escalade since Bowling Green, Ohio. During the course of the traffic stop, all seven occupants of the Escalade were removed from the vehicle. As Sergeant Randy Escott opened the rear passenger side door to assist the five rear passengers in exiting, a black backpack fell out of the Escalade. Sergeant Escott caught the backpack and placed it next to the passenger-side rear wheel. After a canine unit completed a search of the vehicle, Sergeant Escott and Sergeant Jacob Piper were notified that the dog had alerted to the backpack. On the outside of the backpack, Sergeant Pifer saw a mesh pocket that contained a prescription bottle and a .380 semi-automatic handgun. Inside the backpack, a colostomy bag, catheters, and adult diapers were found. The Cialis, colostomy bag, and catheters all had labels with defendant's name affixed. The prescription pill bottle found in the same mesh side pocket as the firearm was a prescription for oxycodone, which was made out to defendant's mother.

## II. ANALYSIS

Defendant contends that the prosecution's evidence presented at trial was insufficient to support his felon-in-possession conviction. We disagree.

-1-

"A claim of insufficient evidence is reviewed de novo, in a light most favorable to the prosecution, to determine whether the evidence would justify a rational jury's finding that the defendant was guilty beyond a reasonable doubt." *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). Evidentiary conflicts are to be resolved in favor of the prosecution. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). A "prosecutor need not negate every reasonable theory consistent with innocence." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). An appellate court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id.* "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

Defendant argues that the prosecution presented insufficient evidence for a rational trier of fact to find him guilty beyond a reasonable doubt of being a felon-in-possession of a firearm. MCL 750.224f prohibits a convicted felon from possessing a firearm unless certain circumstances have been satisfied. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). The parties stipulated that defendant had previously been convicted of a felony and was ineligible to possess a firearm. Thus, the prosecution need have only established defendant was in possession of a firearm.

Possession may be actual or constructive. *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). At issue in this case is whether defendant had constructive possession of a .380 semi-automatic handgun. "[A] person has constructive possession if there is proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location is known and it is reasonably accessible to the defendant." *Id.* 470-471 (citation omitted). Dominion and control over a firearm can be either direct or through another person or persons. *Id.* at 470, citing *United States v Burch*, 313 F2d 628, 629 (CA 6, 1963). "The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *Minch*, 493 Mich at 91-92 (quotation marks and citation omitted). "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011).

Sufficient evidence was presented at trial for a rational jury to reasonably conclude that defendant had knowledge of the .380 semi-automatic handgun located in the exterior pocket of the backpack. A prescription pill bottle made out to defendant's mother was found in the same mesh pocket as the firearm. Inside the backpack, Sergeant Pifer found a box of Cialis, a colostomy bag, catheters, and adult diapers. The Cialis, colostomy bag, and catheters all had labels affixed with defendant's name on them. It is also telling that the Lenawee County Jail later requested the contents of the backpack for defendant's use while he was incarcerated and that defendant's mother retrieved the contents of the backpack from law enforcement. It is unlikely that either would have occurred had the backpack not belonged to defendant. Thus, a rational jury could have reasonably inferred that the backpack belonged to defendant, and thus, defendant had knowledge of the firearm located in the mesh side pocket of the backpack.

Defendant had not only proximity to the firearm, but he also had control over it. Before falling out of the Escalade, the backpack was located behind the front-side passenger's seat, where defendant was sitting. Testimony at trial revealed that defendant was able to exit the

Escalade without assistance from any of the officers present despite his physical limitations. Defendant was able to turn his torso and utilize his upper body to maneuver out of the car and into a wheelchair. This testimony suggests that it was possible for defendant to have had access to the backpack by reaching behind his seat, which alone would be sufficient for a rational jury to reasonably find that the firearm was within defendant's control. However, defendant is not required to have had personal control over the backpack or the firearm itself to have constructive possession. *Minch*, 493 Mich at 92. Defendant could retain constructive possession by having someone able to control the firearm and backpack on his behalf. *Id*. Sergeant Escott stated that the individual or individuals sitting directly behind defendant in the Escalade had the most direct access to the backpack. Again, a rational jury could reasonably find that defendant was able to control the firearm through another passenger if he could not do so himself. On these facts, more than sufficient evidence was presented by the prosecution at trial to enable a rational jury to conclude that defendant had at least some indicia of control over the .380 semi-automatic handgun. *Hill*, 433 Mich at 470. While no direct or forensic evidence was recovered linking defendant to the firearm, circumstantial evidence is sufficient to find constructive possession of a firearm.[1] *Johnson*, 293 Mich App at 83.

Defendant's reliance on *Parker v Renico*, 506 F3d 444 (CA 6, 2007), is misplaced. In *Parker*, the United States Court of Appeals for the Sixth Circuit affirmed the Eastern District of Michigan court's grant of the petitioner's writ of habeas corpus, finding the evidence presented at trial to be too speculative to support the petitioner's convictions of felon-in-possession and felony firearm. *Id*. at 445. The petitioner was a passenger in the back seat of a vehicle that crashed into a tree and a telephone pole while fleeing from police. *Id*. at 446. A search of the car revealed two firearms: a pistol on the floor of the front passenger side and a pistol on the passenger's side backseat. *Id*. The prosecution argued, among other things, that the petitioner had constructive possession of the pistol found on the backseat because it was found on the backseat of the car within his reach and the other backseat passenger had used a different gun, therefore, the weapon found on the backseat must have been the petitioner's. *Id*. at 450. While this Court affirmed the petitioner's convictions,[2] the United States District Court and the Sixth Circuit disagreed and concluded that the petitioner was merely traveling with other individuals in

---

[1] Defendant also contends that Sergeant Pifer's testimony lacked credibility. Specifically, defendant points to portion of Sergeant Pifer's testimony where he admits that the contents of the black backpack were not photographed before being turned over to defendant's mother. Further, defendant notes Sergeant Pifer was unaware that defendant had no need for the colostomy bag found in the backpack and that the catheters in the backpack were not the type used by defendant. While the record reflected that the police investigation regarding the backpack was not perfect, it is the role of the jury, not the reviewing court, to judge the credibility of the witnesses' testimony and determine what evidence is or is not relevant. *Unger*, 278 Mich App at 222. This Court cannot substitute its judgment for that of the jury. *Id*.

[2] See *People v Parker*, unpublished opinion per curiam of the Court of Appeals, issued June 29, 2004 (Docket No. 245894).

a car with weapons, and "[n]o evidence" linked the petitioner to the gun besides his mere presence in the vehicle. *Id*. at 452.

We find *Parker* to be distinguishable from, rather than analogous to, the facts before us. Here, unlike in *Parker*, there is substantial evidence to demonstrate that the backpack and its contents belonged to defendant, with no speculation necessary. The backpack that contained the firearm had many identifying items within. Additionally, after defendant was detained at the Lenawee County Jail, there was evidence that defendant requested the backpack's contents. Consequently, there was sufficient evidence for the jury to conclude beyond a reasonable doubt that he constructively possessed the firearm in the backpack.

Affirmed.

/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter