# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ARVEE JADOLLAR-WILLIAMS VAUGHN,

Defendant-Appellant.

UNPUBLISHED
November 16, 2017

No. 334124
Wayne Circuit Court
LC No. 16-001700-01-FH

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 1 to 20 years' imprisonment for the felon-in-possession conviction, a mandatory two years' imprisonment for the felony-firearm conviction, and ordered to pay $1,300 in court costs. We affirm defendant's convictions and sentences, but remand to the trial court to establish a factual basis for the imposed court costs or to alter the amount of costs, if appropriate.

Defendant argues, both in his brief on appeal and in a Standard 4 brief, that the trial court's verdict was against the great weight of the evidence. The determination of whether a verdict is against the great weight of evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled in part on other grounds by *People v Lemmon*, 456 Mich 625 (1998). A verdict is against the great weight of evidence when the "evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). With respect to whether a new trial is warranted on the basis that the verdict was against the great weight of the evidence, "[c]onflicting testimony and questions of witness credibility are generally insufficient grounds for granting a new trial." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). "Absent exceptional circumstances, issues of witness credibility are for the trier of fact." *Id.* The exceptional circumstances recognized in *Lemmon* were that (1) the testimony contradicts indisputable physical facts or laws; (2) the testimony is patently incredible or defies physical realities; (3) the testimony is so inherently implausible that it could not be believed by a reasonable trier of fact; or (4) the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643–644; 576 NW2d 129 (1998).

The trial court's verdict, that defendant was guilty of the felon-in possession charge and felony-firearm charge, was not against the great weight of the evidence presented at trial. MCL 750.224f prohibits a convicted felon from possessing a firearm unless certain circumstances have been satisfied. See *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). In this case, the parties stipulated that defendant had previously been convicted of a felony and was ineligible to possess a firearm. Thus, the prosecution was only required to establish that defendant was in possession of a firearm.

Possession may be actual or constructive. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Two officers testified that they witnessed defendant open the door holding a black handgun in his right hand. This evidence supports a finding that defendant had actual possession of the handgun.

And as we noted, with regard to firearms, "actual possession is not required; constructive possession is sufficient." *Minch*, 493 Mich at 91. "The test for constructive possession is whether the totality of the circumstances indicates a sufficient nexus between defendant and the [gun]." *Id.* at 91–92 (quotation marks and citation omitted). "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Johnson*, 293 Mich App at 83 (quotation marks and citation omitted). "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *Id.*

Officers recovered from the downstairs bedroom defendant's jail bracelet and black handgun, which appeared to be same gun defendant was holding when he answered the door. Stewart testified that the gun in question was kept "out and about on the couch," or perhaps on the table in the residence. This evidence supports a finding that defendant had constructive possession of the handgun, specifically, that defendant had knowledge of and reasonable access to the handgun recovered from the downstairs bedroom. *Id.* at 83. Thus, defendant's argument fails because it cannot be said "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *McCray*, 245 Mich App at 637.

Defendant argues that Officer Kline's testimony was not credible for several reasons. First, the white Detroit Police Department emblem was difficult to see from a distance of several feet, and the trial court noted that the lettering was only visible on close inspection. Second, Officer Kline's testimony that defendant "peeked out" of the door, conflicted with Officer West's testimony that defendant opened the door approximately the width of one person. Third, if defendant had "peeked out" of the door, it would have been very difficult for either of the officers to see a gun in defendant's right hand because of how the door opened. In fact, because of the way the door opened, the testimony that Officer Kline and Officer West were both able to see the gun in defendant's right hand when he "peeked out" of the door defies plausible physical facts. Fourth, Officer Kline remembered finding defendant's jail bracelet, but could not remember other significant facts, e.g., which officer knocked on the door, how many guns were seized, and if there were any additional personal items belonging to defendant found in the bedroom where the gun and jail bracelet were found. Fifth, Officer Kline's testimony contradicts plausible physical facts because it implies that in the span of one minute, defendant closed the door, hid the gun under a dresser in the downstairs bedroom on the other side of the house, and went upstairs.

To the extent that defendant's arguments challenge the credibility of Officer Kline's and Officer West's testimony at trial, defendant's arguments fail because this Court cannot disturb the determinations made by the trier of fact concerning witness credibility and conflicting testimony, except in exceptional circumstances, and defendant has not shown that any exceptional circumstances exist. *Unger*, 278 Mich App at 232; *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005).

Defendant's argument that Officer Kline's testimony defies plausible physical facts is without merit. Officer West testified that "several minutes" passed from the time defendant closed the door until the officers forced entry into the residence. In that span of time, defendant could have placed the gun under the dresser in the downstairs bedroom, before going upstairs. Thus, defendant has not shown that the testimony offered at trial contradicts indisputable physical facts, defies physical realities, is so inherently implausible that it could not be believed by a reasonable trier of fact, or has been seriously impeached and the case is marked by uncertainties and discrepancies. *Lemmon*, 456 Mich at 643–644.

The same holds true for defendant's argument that, given how the door opened, it would have been "unlikely" or even "impossible" for the officers to see the gun in defendant's right hand. The trial court considered defendant's photographic evidence, which depicted a woman, standing in a doorway similar to defendant's, with a cellphone in her hand, attempting to simulate how defendant would have looked to the officers when he opened the door with a gun in his hand. The trial court was able to discern the cell phone in the woman's hand. Thus, however difficult it may have been for the officers to see the gun in defendant's hand, defendant's photographic evidence demonstrated that the testimony offered at trial did not contradict indisputable physical facts, defy physical realities, was not so inherently implausible that it could not be believed by a reasonable trier of fact, or had been seriously impeached and the case is marked by uncertainties and discrepancies. *Id.*

Nor was the trial court required to disregard Dunagan's testimony simply because she misspoke twice, stating that defendant actually slept downstairs, before quickly correcting herself to say that defendant slept upstairs. The trial court determined that Dunagan's testimony was not credible, and this Court cannot disturb the determinations made by the trier of fact concerning witness credibility. *Unger*, 278 Mich App at 232. The trial court's conclusion that the gun was kept openly around the house did not mischaracterize Stewart's testimony that he had seen the gun on a couch or table. It is a reasonable inference that a gun that is kept "out and about on the couch" or on a table is "kept openly" around the house and, thus, was not a mischaracterization of Stewart's testimony. See *Johnson*, 293 Mich App at 83. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (quotation marks and citation omitted).

The evidence supports the conclusion that defendant had actual possession, or, alternatively, constructive possession of the handgun and, thus, the evidence does not preponderate so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. Accordingly, the trial court's verdict was not against the great weight of the evidence, and defendant is not entitled to a new trial.

Defendant also challenges the reasonableness of the court costs imposed by the trial court. Defendant argues that, because the trial court did not provide a factual basis for these costs, this matter should be remanded pursuant to *People v Konopka (On Remand)*, 309 Mich App 345; 869 NW2d 651 (2015). We agree.

A defendant must object to the imposition of court costs to preserve the issue for appellate review. *Id.* at 356. Because defendant failed to object to the imposition of $1,300 in court costs, this issue is unpreserved. *Id.*

This Court reviews unpreserved claims of improper imposition of court costs for plain error. *Id*. To establish plain error requiring reversal, a defendant must demonstrate that "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Generally, to show that a plain error affected substantial rights, a defendant must make the requisite showing of prejudice, "i.e., that the error affected the outcome of the lower court proceedings." *Id*.

As amended, MCL 769.1k(1)(b)(*iii*) applies to all fines, costs, and assessments imposed under MCL 769.1k before June 18, 2014, and after October 17, 2014. Thus, when defendant was sentenced on June 13, 2016, the trial court was authorized to impose any costs reasonably related to the actual costs incurred by the trial court. In *Konopka*, this Court held that remand was the appropriate remedy where the trial court "did not establish a factual basis" for the costs imposed under MCL 769.1k(1)(b)(*iii*) and where, without such a factual basis, this Court could not "determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court[.]" *Konopka*, 309 Mich App at 359–360. The trial court did not establish a factual basis for the imposed costs. There is nothing in the record to provide any reasoning for the $1,300 court costs. Without a factual basis for the court costs, it cannot be determined whether the costs were reasonably related to the actual costs incurred by the trial court. Therefore, the case is remanded to the trial court to establish a factual basis for the costs or to alter the amount of costs, if appropriate. *Id*.

Defendant's convictions and sentences are affirmed, but remanded to establish a factual basis for the costs or to alter the costs imposed, if appropriate. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher