*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARQUIS DEVON MOORE,

Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 342160
Wayne Circuit Court
LC No. 17-005625-01-FH

Before: GADOLA, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to concurrent sentences of 18 months' probation each for the felon in possession of a firearm, felon in possession of ammunition, and CCW convictions, and five years' imprisonment for the felony-firearm conviction. We affirm.

On June 2, 2017, while on routine patrol, Detroit Police officers Rueben Yesrael and Jordan Napier pulled into a BP gas station in Detroit, Michigan. As the officers drove past a silver Chevrolet Impala parked at one of the gas pumps, they smelled a strong odor of marijuana emanating from the car. The officers parked next to the Impala and got out of their car. Officer Yesrael approached the front passenger seat of the Impala where defendant was sitting; defendant and the officer spoke and defendant provided his identification. Yesrael then walked to the driver's side of the Impala and spoke with the driver, who was unable to provide a driver's license. Officer Yesrael ordered the driver to get out of the Impala and stand by Officer Napier at the police car.

As Yesrael returned to the passenger side of the Impala, he saw defendant remove a black object from his pocket with his right hand and drop it on the floor near his feet. Yesrael testified that the object looked like a gun, so he drew his own gun and ordered defendant to get out of the car. Yesrael then checked the floor of the front passenger seat where defendant had been sitting

-1-

and found a gun. Yesrael recovered the gun from the floor of the vehicle, and found that the gun was loaded with nine rounds of ammunition in the magazine. The gun and ammunition were not submitted for fingerprint testing.

Defendant was arrested, and after a jury trial was convicted of felon in possession of a firearm, felon in possession of ammunition, CCW, and felony-firearm. Defendant now appeals to this Court, challenging whether there was sufficient evidence for the jury to determine that defendant possessed the gun. We review de novo a challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution, and determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

The elements of felon in possession of a firearm are: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a specified felony, (3) fewer than five years have passed since the defendant paid all fines, served the term of imprisonment, and completed probation or parole, and (4) the defendant's right to possess a firearm has not been formally restored. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). The elements of felon in possession of ammunition are the same as felon in possession of a firearm, except the prosecution must establish that the defendant possessed ammunition instead of a firearm. MCL 750.224f(3) and (4). The elements of CCW in a vehicle are: (1) the presence of a firearm in a vehicle operated or occupied by the defendant, (2) the defendant knew or was aware of the firearm, and (3) the defendant was carrying the firearm. *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999). The "carrying" element of CCW is the equivalent of possession. *People v Barbee*, 325 Mich App 1, 12 n 4; 923 NW2d 601 (2018). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2004) (quotation marks and citation omitted). On appeal in this case, defendant challenges only the sufficiency of the evidence regarding the element of possession for each of his convictions.

In Michigan, to be convicted of a "possessory" crime does not require actual possession; constructive possession is sufficient. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). A defendant has constructive possession when "the totality of the circumstances indicates a sufficient nexus between defendant and the contraband." *Id*. at 91-92. A defendant actually possesses an object when the defendant "has direct physical control over a thing at a given time . . . ." *People v Flick*, 487 Mich 1, 15; 790 NW2d 295 (2010) (quotation marks and citation omitted). "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989). "Possession can be proved by circumstantial or direct evidence and is a factual question for the trier of fact." *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). "Circumstantial evidence and reasonable inferences that arise from the evidence can constitute sufficient proof of the elements of the crime." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014).

In this case, Officer Yesrael testified that as he was returning to the passenger side of the Impala, he saw defendant pull a black object out of his pocket and drop it on the floor near his feet. The object appeared to be a gun. After he ordered defendant out of the car, he found a gun on the floor of the Impala where defendant had been sitting. The gun had nine rounds of

ammunition inside the magazine. Viewed in the light most favorable to the prosecution, there was sufficient evidence that defendant actually possessed the gun because it was reasonable for the jury to infer that the black object that Yesrael saw defendant pull from his pocket and drop on the floor was the gun that Yesrael then recovered from the floor. Because there was sufficient evidence that defendant actually possessed the gun, there was likewise similar evidence that defendant actually possessed the ammunition that was in the gun's magazine. In addition, there was sufficient evidence that defendant constructively possessed the gun because the gun was found on the floor where defendant had been sitting. The location of the gun leads to the reasonable inference that defendant knew the gun was on the floor and that it was readily accessible to defendant.

Defendant argues that there was no forensic evidence, such as fingerprints or the gas station's surveillance video, to link defendant to the gun. Although fingerprint evidence or a surveillance video might provide additional evidence against defendant, it is not necessary for the prosecution to present such evidence if the prosecution has otherwise provided sufficient evidence to support defendant's conviction. See *People v Hardiman*, 466 Mich 417, 430; 646 NW2d 158 (2002). Moreover, the jury heard testimony that the police did not test the gun for fingerprints and that the gas station's surveillance video was destroyed. If the jury believed that the lack of fingerprint or surveillance video evidence cast doubt on defendant's possession of the gun, the jury would not have convicted defendant based on his possession of the gun. See *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992) ("Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony."). Instead, the jury found defendant guilty, giving credence to the testimony of Office Yesrael.

Defendant also argues that this Court should conclude that there was insufficient evidence, urging this court to follow the reasoning of *Parker v Renico*, 450 F Supp 2d 727 (ED Mich, 2006). We decline to do so, however, because the facts of *Parker* differ from those of this case, and moreover, this Court is not bound by the decisions of lower federal courts. *People v Chowdhury*, 285 Mich App 509, 516; 775 NW2d 845 (2009).

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle