*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN LAMAR BAILEY,

Defendant-Appellant.

UNPUBLISHED
June 20, 2019

No. 343430
Wayne Circuit Court
LC No. 17-007500-01-FH

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant, Shawn Lamar Bailey, appeals his bench-trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f(1), carrying a concealed weapon (CCW), MCL 750.227(2), and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(1). Bailey was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve five years' imprisonment for his felony-firearm conviction and a year of probation for his felon-in-possession and CCW convictions. We affirm.

On July 15, 2017, during a routine patrol, Detroit police officers Shawn Mahoney and Daniel Austin, while seated in the passenger seats of the police car, observed Bailey sitting on his bicycle in front of a liquor store with what appeared to be an "L-shaped" bulge on his right hip. Officer Mahoney testified that the L-shaped bulge was consistent with the shape of a handgun. At that point, the driver of the police car, Officer Matt Nasierowski, turned the car around to investigate further.

Bailey then pedaled his bicycle away from the liquor store, and the officers trailed him in the police car. Several times, Officer Austin ordered Bailey to stop. About halfway up the block, Bailey got off his bicycle, threw the bike against the police car's rear passenger door, and fled. Officer Mahoney chased Bailey up a driveway. All three police officers testified that they saw Bailey remove a handgun from his right hip, and two police officers testified that they heard a "clink" sound, consistent with a metal object striking hard concrete. While Officer Mahoney detained Bailey, Officer Nasierowski recovered a handgun and a black holster 10 to 15 feet from

where Bailey was apprehended. After a bench trial, Bailey was found guilty of felon-in-possession, CCW, and felony-firearm.

On appeal, Bailey argues that there was insufficient evidence to sustain his convictions. We disagree.

This Court reviews de novo a sufficiency of the evidence claim. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecut[ion] to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

Bailey's three convictions include a common element—possession of a firearm—and this is the only element that he claims lacks sufficient evidence. See *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982) (equating the "carrying" element of CCW to possession); *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016) (stating that possession of a firearm is an element of felon-in-possession); *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999) (stating that possession of a firearm is an element of felony-firearm). Actual physical possession of a firearm is not required to sustain a conviction; "[p]ossession of a firearm need only be constructive to establish the element of possession." *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). "The test for constructive possession is whether 'the totality of the circumstances indicates a sufficient nexus between defendant and the contraband.' " *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012) (citation omitted). " 'Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons . . . .' " *Id*. at 92 (citation omitted). Possession may be constructive "if there is proximity to the article together with indicia of control." *Hill*, 433 Mich at 470. "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id*. at 470-471. Further, "[p]ossession may be proven by circumstantial as well as direct evidence." *Id*. at 469. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

In this case, the prosecution presented sufficient evidence to permit a reasonable trier of fact—the trial court—to conclude that Bailey possessed a handgun. Officer Mahoney testified that he saw an L-shaped budge, consistent with a firearm, on Bailey's right hip, and that he later saw Bailey throw something and heard "[a] clink that sound[ed] like the gun hitting the ground." Officer Austin testified that he saw Bailey take a firearm from his right waistband—the same place Officer Austin previously saw a bulge. Officer Nasierowski testified that he heard a "clink" consistent with metal hitting concrete, and that within 30 to 45 seconds he recovered a handgun and holster 10 to 15 feet from Bailey. The officers' testimony provided sufficient evidence for the trier of fact to conclude that Bailey had actual possession, or at the very least, "the location of the weapon [was] known and it [was] reasonably accessible to the defendant." *Hill*, 433 Mich at 471. We will not question the credibility of the officers' testimony on appeal.

See *People v Gadomski*, 232 Mich App 24, 28; 592 NW2d 75 (1998) ("[T]his Court may not attempt to resolve credibility questions anew.").

In sum, viewing the evidence presented in a light most favorable to the prosecution, there was sufficient evidence to justify a rational trier of fact in finding Bailey guilty of felon-in-possession, CCW, and felony-firearm beyond a reasonable doubt. *Reese*, 491 Mich at 139.

Affirmed.


/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello