## PEOPLE v SIMPSON

Docket No. 78-4597. Submitted June 6, 1980, at Lansing.—Decided October 27, 1980.

Linda Simpson was convicted by a jury in Bay Circuit Court of possession of heroin and conspiracy to possess heroin. At the close of the prosecution's proofs, defendant moved for a directed verdict of acquittal. John X. Theiler, J., denied that motion. Defendant appeals. *Held:*

Since the prosecution's proofs, even when viewed in a light most favorable to the prosecution, were such that a finding of lack of guilty knowledge of the presence of the heroin was equally as plausible as a finding that the defendant had the necessary guilty knowledge, a rational trier of fact could not find beyond a reasonable doubt the existence of the elements of illegal possession of heroin. The trial court, therefore, should have granted the motion for a directed verdict of acquittal.

Reversed.

1. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

A trial court, in ruling upon a motion for a directed verdict of acquittal, must consider the evidence presented by the prosecution in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt.

2. DRUGS AND NARCOTICS — CRIMINAL LAW — POSSESSION — PROOFS.

The crime of illegal possession of heroin requires proof that the defendant exercised control or had the right to exercise control over the drug and that the defendant knew the drug was present.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 4983, 533, 549, 551.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.
What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.
Offense of aiding and abetting illegal possession of drugs or narcotics. 47 ALR3d 1239.
[3] 75 Am Jur 2d, Trial § 552.

3. Drugs and Narcotics — Criminal Law — Directed Verdict —
   Acquittal — Possession — Reasonable Doubt.

    A directed verdict of acquittal should be granted in a trial for the
illegal possession of heroin where, under the prosecution's
proofs, it is equally plausible that the defendant had no knowl-
edge of the presence of the heroin as that she had such
knowledge and a rational trier of fact could not find guilt
beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *James A. Brunson,*
Chief Assistant Prosecuting Attorney, for the peo-
ple.

*Kim Robert Fawcett,* Assistant State Appellate
Defender, for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and G. R.
Corsiglia,* JJ.

Per Curiam. On June 19, 1978, defendant Linda
Simpson was convicted by a jury of possession of
heroin contrary to MCL 335.341(4); MSA
18.1070(41)(4) (repealed by 1978 PA 368, effective
September 30, 1978, now MCL 333.7403; MSA
14.15 [7403]), and conspiracy to possess heroin con-
trary to MCL 335.341(4), 750.157a; MSA
18.1070(41)(4), 28.354(1). Defendant was also found
to have violated the habitual offender statute,
MCL 769.10; MSA 28.1082. On that same date,
defendant's motion to set aside the verdict on the
ground that it was against the great weight of the
evidence was denied. She was sentenced on August
21, 1978, to a prison term of from two to six years
and now appeals.

    Defendant raises several issues in the present
appeal; however, we address only her claim that

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

the trial court erred in denying her motion for a directed verdict of acquittal made at the close of the prosecution's proofs. In ruling on such a motion, the trial judge must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979). Under the circumstances in the present case, we hold that the trial judge erred by denying the motion.

The crime of possession of heroin requires proof that the defendant exercised control or had the right to exercise control of the drug and knew that it was present. *People v Stewart,* 52 Mich App 477; 217 NW2d 894 (1974). Based on the evidence presented, we do not believe a rational trier of fact could have found that these elements were proven beyond a reasonable doubt. No direct evidence connected defendant with the heroin. Police officers testified that they raided a Bay City house and found it occupied by two men, Ronald Williams and Warren Abernathy. A large quantity of heroin was found in a backroom of the house and on the person of Abernathy. Defendant arrived on the scene after the police had conducted their search. There was evidence that she paid the rent on the house and lived there. Her fingerprints were discovered on tinfoil and a mirror seized from the backroom where the heroin was discovered. Her hat was discovered on the floor of the same room. This evidence only indicated that defendant handled the items in question and may have been present in the room at some time. One hypothesis based on such evidence is that defen-

dant was present at the house when the heroin was brought in, knew of its presence, and had the right to control the drug. Equally plausible is the theory that Abernathy and/or Williams brought the heroin in without defendant's knowledge. We find that the evidence against defendant was not strong enough to withstand the motion for directed verdict.

Reversed.