# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

GERRY MCCOY,

       Defendant-Appellant.

UNPUBLISHED
October 12, 2017

No. 333840
Wayne Circuit Court
LC No. 16-000158-01-FH

Before: GLEICHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f(1), felon in possession of ammunition, MCL 750.224f(3), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced to concurrent sentences of one to five years' imprisonment each for the felon in possession of a firearm and felon in possession of ammunition convictions, to run consecutively to the sentence of two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that there was insufficient evidence to support his felon in possession of a firearm, felon in possession of ammunition, and felony-firearm convictions. Specifically, defendant contends that the prosecution failed to present sufficient evidence to support the trial court's conclusion that he constructively possessed the firearm and ammunition. We disagree.

We review de novo defendant's claim that there was insufficient evidence put forth during his bench trial to support his conviction. *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). This Court views the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that each element of the charged crime was proven beyond a reasonable doubt. *Id*. "All conflicts in the evidence are resolved in favor of the prosecution." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (citation omitted). It is the role of the trier of fact to determine the weight of the evidence and the credibility of the witnesses. *Id*.

The elements of felon-in-possession are: "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016). The elements of felon in possession of ammunition are identical to those of felon in possession of a firearm, other than a defendant

possessed ammunition rather than a firearm. MCL 750.224f(1), (3). Pursuant to MCL 750.227b(1), a defendant is guilty of felony-firearm where that "defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Bass*, 317 Mich App at 268-269. At issue in this appeal with respect to all three offenses with which defendant was convicted is the element of possession. To be convicted of a possessory crime in Michigan, a defendant need not actually possess a firearm; "constructive possession is sufficient." *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). To determine whether a defendant had constructive possession, this Court must ask whether " 'the totality of the circumstances indicates a sufficient nexus between [the] defendant and the contraband.' " *Id.* at 91-92, quoting *People v Johnson*, 466 Mich 491, 500; 647 NW2d 480 (2002). "Although not in actual possession, a person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons. . . ." *Minch*, 493 Mich at 92 (citation and quotation marks omitted). Put another way, " '[a] person has constructive possession if there is proximity to the article together with indicia of control.' " *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011), quoting *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989). That is, " 'a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant.' " *Johnson*, 293 Mich App at 83, quoting *Hill*, 433 Mich at 470-471. Direct or circumstantial evidence can establish possession, which is a question of fact left to the trier of fact. *Id*.

The trial court found that the prosecution proved beyond a reasonable doubt that defendant constructively possessed the ammunition recovered in defendant's bedroom, as well as a Taurus 709 handgun found in an attic accessible only from defendant's bedroom. In reaching this conclusion, the trial court noted that the record evidence confirmed that defendant resided at the home in question, he received mail there, and police officers observed him entering the home the day the home was searched after the police received a call regarding gunshots fired from that location. Moreover, a duffle bag holding the assault rifle ammunition also contained mail addressed to defendant.

Specifically, the prosecution presented the testimony of Detroit Police Officer Stephen Heid, who stated that he recovered a black Taurus pistol from the attic attached to the upstairs bedroom. Defendant's girlfriend, Athie Murrell, testified that together she and defendant occupied the upstairs bedroom where the firearm and ammunition were found. Michigan Department of Corrections Officer Marcus Robinson confirmed that in order to access the attic, one must be inside the upstairs bedroom. Officer Robinson saw the pistol sitting on the floor of the attic in plain sight, observing that it did not appear to have any heavy dust collected on it. Detroit Police Sergeant Kenneth Steil searched defendant's upstairs bedroom and found the duffle bag that contained rifle ammunition and mail addressed to defendant. Near the duffle bag, on the floor, Sergeant Steil also found a manila folder that contained paperwork belonging to defendant. Officer Robinson stated that paperwork he found in the upstairs bedroom was a supervision summary report or some other parole-related documentation belonging to defendant. Thus, the totality of the record evidence, viewed in the light most favorable to the prosecution, *Ventura*, 316 Mich App at 378, confirmed a sufficient nexus between defendant and the firearm

found in the upstairs attic and the ammunition found in the upstairs bedroom. *Minch*, 493 Mich at 91-92. Accordingly, the trial court correctly determined that defendant constructively possessed the firearm and ammunition. *Johnson*, 293 Mich App at 83.[1]

On appeal, defendant contends that the record evidence does not support a finding that he had the intention to exercise dominion and control over the firearm found in the upstairs attic and the ammunition found in the duffel bag in the upstairs bedroom. *Minch*, 493 Mich at 92. However, we disagree with this contention where the record evidence, viewed in the light most favorable to the prosecution, established that the ammunition was found in a duffel bag containing defendant's mail, in a room where other documentation belonging to defendant was also found. Likewise, with respect to the firearm, we agree with the trial court that there was ample evidence of defendant's intention to exercise dominion and control over it where it was found in an attic only accessible by the bedroom he shared with Murrell, and where Murrell testified that she did not have any knowledge with respect to what was in the attic.

Defendant argues that the presence of multiple individuals in the home and the discovery of contraband in an area not within the exclusive control of defendant militates against a finding of constructive possession. Defendant cites *People v Simpson*, 104 Mich App 731; 305 NW2d 249 (1980), to support this argument. *Simpson* involved a police raid on a house occupied by two men that resulted in the discovery of a large amount of heroin in a backroom and on the person of one of the men. *Id*. at 733. The defendant arrived after the police conducted their search. *Id*. There was evidence that the defendant paid rent and lived in the house, and her fingerprints were found on items seized from the backroom where the heroin was found, as was her hat. *Id*. The *Simpson* Court found that the evidence was not strong enough to withstand a motion for directed verdict. *Id*. at 733-734. This case is distinguishable from *Simpson*. In this case, the firearm was found in the attic accessible only through defendant's bedroom and the ammunition was found inside of a duffle bag that contained mail addressed to defendant and which was located near additional paperwork belonging to defendant in his bedroom. As opposed to what appears to be a common area in the *Simpson* case, defendant's bedroom was a private space that only he and Murrell shared. Accordingly, we agree with the trial court's conclusion that the prosecution presented ample evidence to support defendant's convictions.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle

---

[1] We acknowledge that the trial court concluded there was insufficient evidence of defendant's constructive possession with regard to additional weapons found in the downstairs bedroom of the home.