# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID JONES,

Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 327602
Wayne Circuit Court
LC No. 14-009333-FH

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant, David Jones, was convicted by a jury of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and sentenced as a second-offense habitual offender, MCL 769.10, to three years' probation for the felon-in-possession conviction and five years' imprisonment for the felony-firearm conviction. He appeals as of right his April 22, 2015 judgment of sentence and order of probation. We affirm.

On appeal, defendant first argues that reversal is required because there was insufficient evidence to support the jury's guilty verdicts. We disagree. This Court reviews a defendant's claim that there was insufficient evidence to support his or her conviction de novo. *People v Mayhew*, 236 Mich App 112, 124; 600 NW2d 370 (1999). In doing so, we view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that each element of the charged crime was proved beyond a reasonable doubt. *Id.*; see also *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999).

At issue in this case is whether the prosecution presented sufficient evidence to support the jury's verdict of guilty with respect to defendant's felon-in-possession conviction.[1] Pursuant

---

[1] While defendant also challenges his felony-firearm conviction, it is not necessary to substantively address that conviction because its elements are entirely dependent upon defendant's felon-in-possession conviction. See MCL 750.227b; see also *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999) ("The elements of felony-firearm are that the defendant possession a firearm during the commission of, or the attempt to commit, a felony.").

to MCL 750.224f(1), a person who has been convicted of a felony is generally prohibited from possessing a firearm until three years have passed since that person has paid all applicable fines, has served all terms of imprisonment, and has successfully completed all terms of probation or parole. *People v Perkins*, 262 Mich App 267, 269; 686 NW2d 237 (2004), abrogated on other grounds by *People v Smith-Anthony*, 494 Mich 669; 837 NW2d 415 (2013). Defendant's contention on appeal focuses on whether the prosecution presented sufficient evidence to support the jury's conclusion that he either actually or constructively possessed a firearm. See *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012).[2]

In determining whether a person is in constructive possession of a firearm, courts must look to the totality of the circumstances and decide whether they indicate a "sufficient nexus" between defendant and the firearm. *Minch*, 493 Mich at 92. A person constructively possesses an object if he or she knowingly has the power and intent at a given time to directly or indirectly exercise dominion or control over the object. *Id*. at 91-92. That is, "a person has constructive possession if there is proximity to the article together with indicia of control." *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). Stated differently, "a defendant has constructive possession of a firearm if the location of the weapon is known and is reasonably accessible to the defendant." *Id*. at 470-471. See also *People v Burgenmeyer*, 461 Mich 431, 437-438; 606 NW2d 645 (2000).

In this case, the evidence presented by the prosecution at trial was sufficient to support the jury's guilty verdicts. The prosecution presented the testimony of Detroit Police Department Officer Jason Murphy, who testified that he responded to the scene after receiving complaints of squatters occupying the residence. When he arrived at the scene, Murphy testified, he entered the home, secured two individuals in the living room, and approached defendant in the bedroom. Murphy expressly testified that he observed defendant place an object between a mattress and box springs as well as opined, based on his experience, that the object was a firearm. According to Murphy, he arrested defendant and found a firearm exactly where he observed defendant place the object, i.e., between the mattress and box springs. This testimony, alone, was sufficient to support the jury's verdict regardless of whether it was based on a theory of actual or constructive possession.

On appeal, defendant claims that there was no evidence that defendant ever possessed a firearm. This argument is meritless. Murphy expressly testified that he saw defendant possess an object, that he believed that object to be a firearm, that defendant placed that object between a mattress and box springs, and that he found a firearm where defendant placed that object. While defendant primarily claims that there was insufficient evidence to support a conclusion that defendant *also* actually or constructively possessed a nearby shotgun, that claim is irrelevant.[3]

That is, if there was sufficient evidence to support defendant's felon-in-possession conviction, there was also sufficient evidence to support his felony-firearm conviction as a matter of law.

[2] The parties stipulated that defendant, having previously been convicted of a felony, was not permitted to possess a firearm at the time of his arrest in this case.

[3] A second firearm was also found approximately two or three feet from the firearm found between the mattress and box springs.

Defendant's convictions were based on his possession of *a* firearm. Stated differently, his possession of two firearms was not required. This was not a case, as defendant suggests, involving a situation where defendant "was allegedly in the same room as the two firearms." Accordingly, we conclude that there was sufficient evidence to support the jury's guilty verdicts.

Defendant also argues on appeal that reversal is required because the trial court's jury instruction regarding constructive possession was misleading. However, because defense counsel expressly agreed to the jury instructions as provided, any error in this regard is waived. To preserve a challenge to a trial court's jury instructions, a party *must* object to or request an instruction before the trial court. *People v Sabin (On Second Remand)*, 242 Mich App 656, 657; 620 NW2d 19 (2000). A challenge to a jury instruction is considered waived when defense counsel expressly states that defendant has no objections. *People v Matuszak*, 263 Mich App 42, 57; 687 NW2d 342 (2004). Here, the trial court expressly asked whether the instructions were "satisfactory," and defense counsel expressly answered as follows: "Yes, your Honor." Thus, defendant's challenge to the expressly approved jury instructions is waived.[4]

Affirmed.

/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

---

[4] Notably, defendant does *not* argue on appeal that defense counsel was ineffective in failing to challenge the constructive-possession instruction. Accordingly, any argument in that regard is abandoned. See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001). Nevertheless, for the sake of thoroughness, we also conclude that defendant's challenge to the constructive-possession jury instruction is meritless. Because this argument was not preserved, it is reviewed for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Defendant argues on appeal that the jury instruction, as given by the trial court, omitted the requirement that defendant intend to exercise control over the firearm. While defendant's claim is factually accurate, i.e., the trial court did not instruct the jury that possession required that defendant "must intend to exercise control over the firearm," we discern no error requiring relief. The trial court's constructive-possession jury instruction was largely consistent with our Supreme Court's decisions interpreting and applying constructive possession of a firearm in this context. See *Hill*, 433 Mich at 470; see also *Burgenmeyer*, 461 Mich at 438. Accordingly, we conclude that the trial court's constructive-possession instruction was not misleading. See *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011).