*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PHILIP RISER,

        Defendant-Appellant.

UNPUBLISHED
March 18, 2021

No. 350648
Wayne Circuit Court
LC No. 19-000844-01-FC

Before: O'BRIEN, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

After a bench trial, the trial court convicted defendant of felonious assault, MCL 750.82, as well as possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of ammunition by a person convicted of a felony (felon-in-possession of ammunition), MCL 750.224f(6). Defendant challenges his trial attorney's performance, the court's admission of "highly prejudicial" character evidence, and the sufficiency of the evidence supporting his convictions. We discern no error and affirm.

## I. BACKGROUND

Defendant's convictions arise from threats he made toward his aunt, Sharonda Riser.[1] Riser testified that on the day in question, defendant sent her several threatening text messages. One included a picture of an AK-47 and warned that he was coming to Riser's home to shoot her family. That message was timestamped "July 20 at 5:07 p.m." The screenshots of the other messages presented by the prosecution were not dated, however, and the exhibits included only defendant's messages, not Riser's. Riser provided conflicting testimony as to when she received the messages. Riser also provided inconsistent stories about the cause of her argument with defendant.

---

[1] Throughout this opinion we refer to Philip Riser as defendant and Sharonda Riser as Riser.

On the evening of July 20, 2018, Riser hosted a barbeque at her home. Around 6:00 p.m., defendant and his friend, Shedrica Smith, arrived uninvited. Several other people were outside, including children. Defendant ran toward Riser. Although Riser described that defendant screamed at her while she stood mute, other witnesses testified that both parties argued loudly. Defendant returned to the vehicle, grabbed a handgun, and pointed it at Riser's head. Another partygoer yelled at defendant, reminding him that children were present. Defendant returned to Smith's car and the couple drove away.

Later that evening, Riser drove several people home from her barbeque. She observed defendant driving in the opposite direction and the two made eye contact. Riser increased her speed, but defendant made a U-turn and began to chase her. Everyone in Riser's vehicle heard gunshots and saw flashes coming from the driver's side window of the chasing vehicle. But the witnesses disagreed regarding the duration of the chase, the number of shots fired, and whether defendant was alone in the vehicle. One identified Smith as a passenger.

Riser called her mother and her husband to tell them that defendant had fired shots at her. Riser's mother called the police, who came to Riser's home. Riser and other witnesses gave statements in the following days. Defendant was arrested a week later. When he spotted the police, defendant ran through an empty house and into its backyard. Officers searched that home and found an AK-47 with ammunition. Both the AK-47 found in the home and the AK-47 pictured in the text message defendant sent to Riser were missing the buttstock.

The prosecution charged defendant with assault with intent to murder, assault with intent to commit great bodily harm, and two felony-firearm counts connected to those offenses. The court dismissed those charges in response to defendant's motion for a directed verdict. The court subsequently acquitted defendant of a felony-firearm charge connected with his felon-in-possession charges.

But the court convicted defendant of felonious assault with a connected felony-firearm count, as well as possession of firearm and ammunition by a felon. The possession charges were originally based only on the AK-47 and ammunition. Midtrial, the court permitted the prosecution to amend the information to include the handgun as an alternate basis for these charges. The trial court noted that Riser was a less than credible witness who unconvincingly portrayed herself as completely innocent. Nevertheless, a timestamped message supported that defendant threatened Riser and her family shortly before he appeared at Riser's home and defendant was arrested in proximity to an AK-47 matching the one photographed. And other, more credible witnesses corroborated that defendant threatened Riser with a handgun at her home and later chased Riser's vehicle while firing a weapon.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Before trial, defense counsel filed a notice of alibi defense identifying "Lyvette Bacon" as an alibi witness. At trial, defense counsel indicated that he and defendant decided against presenting her testimony. Defendant now challenges counsel's failure to call Shedrica Smith as an alibi witness. He has presented an affidavit from Smith, claiming that they were in Riser's neighborhood around 6:00 p.m. on the day in question looking for the father of her children. She described that Riser's guests yelled at them, and claimed that defendant never exited her car. Smith

also placed defendant at a party in Roseville at the time of the alleged car chase. Defendant avers that he advised his counsel that Smith was willing to testify on his behalf but that counsel convinced him not to present Smith "since the complainants were alleging [he and Smith] were together on July 20, 2018." Defendant now challenges counsel's performance in this regard.

Defendant filed a motion in this Court to remand for a *Ginther*[2] hearing to further develop his claim. This Court denied that motion. *People v Riser*, unpublished order of the Court of Appeals, entered September 2, 2020 (Docket No. 350648). A *Ginther* hearing remains unnecessary as defendant's challenges to counsel's performance can be adequately reviewed on the existing record.

A claim of ineffective assistance of counsel includes two components: "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To establish that counsel's performance was deficient, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To establish prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceedings would have differed. *Id*. at 663-664.

"Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019) (cleaned up). "[A] defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. (cleaned up). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *Id*. at 422-423 (cleaned up).

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy. . . ." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense. Similarly, the failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Anderson*, 322 Mich App 622, 630; 912 NW2d 607 (2018) (cleaned up).

Defendant was not denied a substantial defense. Defendant and his counsel decided together not to call Bacon at trial and we do not know what her testimony might have been. Although defendant accuses counsel of not reasonably investigating Smith as a potential alibi witness, defendant's own affidavit proves that he did consider her. Defendant advised his attorney that Smith would give him an excuse for being in Riser's neighborhood, explain that he did not point a gun at Riser in front of her home, and place Riser in Macomb County at the time of the car chase and shooting. Had counsel called Smith to the stand, she would have been subject to cross-examination. The prosecution's witnesses all contradicted Smith's potential testimony about the altercation at Riser's home and more than one testified to having seen a woman in defendant's

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

vehicle when he chased Riser that night. One even identified that woman as Smith. Her alibi testimony would have been suspect. We discern no ground to interfere with counsel's assessment that the alibi defense suggested by defendant could not assist his case.

## III. OTHER-ACTS EVIDENCE

Defendant next challenges the admission of police officer testimony regarding the AK-47 found on July 27, 2018, during a search incident to arrest. Defendant describes that "[p]olice could not say the gun recovered on July 27 was the same as the gun in the July 20 screenshot." Defendant continues that he was not charged and convicted for possessing the AK-47 on July 27, but on July 20. Accordingly, evidence of possession on July 27 was "other-acts evidence," and its admission was unduly prejudicial. Defendant further contends that his trial counsel was ineffective for failing to object to the admission of this evidence.

We review unpreserved claims of evidentiary error for plain error affecting a defendant's substantial rights. *People v Brown*, 326 Mich App 185, 195; 926 NW2d 879 (2018) (cleaned up). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (cleaned up).

The admission of other-acts evidence is governed by MRE 404. MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

The evidence at issue in this case was not truly "other-acts evidence." The situation before us is not novel. Many suspects roam free for a period of time before they are located and arrested. Searches executed days after the commission of a crime may uncover tools used in the crime. Those tools are evidence that the suspect actually committed the offense; they are not evidence of a separate act of possession that makes it more likely the suspect possessed the tools when committing the offense.

The officers testifying in this case could not be 100% certain that the AK-47 found at defendant's arrest was the same AK-47 he texted a photograph of to Riser. The serial number was not visible in the picture, which would have been the only way to identify the weapon with complete confidence. But the buttstock had been removed from the AK-47 found in the abandoned home and the AK-47 in the photograph. The officers described this as a unique feature, supporting that the two weapons were one and the same. As this evidence was admissible, any objection raised by counsel would have been without merit. Counsel cannot be deemed ineffective in this regard. See *People v Payne*, 285 Mich App 181, 191; 774 NW2d 714 (2009).

## IV. GREAT WEIGHT OF THE EVIDENCE

Defendant contends that his convictions went against the great weight of the evidence, citing a lack of physical evidence, a delay in reporting the crimes, and inconsistent witness testimony.

When "the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result," we must grant a criminal defendant a new trial. *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998) (cleaned up). "The trial court may vacate a verdict only when it does not find reasonable support in the evidence," and determines that the verdict "is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations." *People v Plummer*, 229 Mich App 293, 306; 581 NW2d 753 (1998). In reviewing the weight of the evidence supporting a conviction, we may not invade the fact-finder's role to assess the credibility of the witnesses. *People v Savage*, 327 Mich App 604, 614-615; 935 NW2d 69 (2019). We may intervene only in "exceptional circumstances," such as where the "testimony contradicts indisputable facts or laws," "is patently incredible or defies physical realities," is "so inherently implausible that it could not be believed by a reasonable juror," or "has been seriously impeached and the case is marked by uncertainties and discrepancies." *Lemmon*, 456 Mich at 643-644 (cleaned up).

Defendant's challenge to the lack of physical evidence is unavailing. Defendant notes that the prosecution never produced the handgun that defendant allegedly used to threaten Riser in front of her home and then to shoot at her vehicle. Defendant further notes the lack of damage to Riser's vehicle and the absence of any shell casings recovered from the alleged shooting spree. However, direct physical evidence is not required to support a conviction; a conviction may be based on circumstantial evidence and reasonable inferences arising therefrom. See *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). Multiple witnesses described the events on the night in question and identified defendant. This evidence standing alone was sufficient to support defendant's convictions.

Moreover, the witnesses' testimonies were not so inconsistent or unreliable as to warrant a new trial. First, although defendant complains about Riser's delay in reporting the crime to the police, Riser's mother called the police that night and the police responded to Riser's home. Second, as noted, several witnesses described the events underlying the charges and identified defendant as the perpetrator. The witnesses disagreed about the duration and speed of the car chase, and the number of shots they heard. But such differences in high stress situations are understandable. The trial court did find that Riser minimized her role in the events leading up the assault and shooting. However, Riser's testimony about the most pertinent facts supporting the elements of the charged offenses was similar to the other witnesses. Accordingly, the evidence did not preponderate against defendant's convictions.

Defendant further contends that the court improperly "based her verdict in large part on unreliable evidence, namely screenshots of text messages that were not authenticated." The trial court observed that a large portion of the text messages presented by the prosecution did not include date and time stamps. The court seemed to ignore those messages in rendering its verdict. However, the court noted that messages including a picture of an AK-47 and a threat to come and shoot Riser and her family was dated July 20 at 5:07 p.m. The court did rely on that message.

Pursuant to MRE 901(a), evidence is sufficiently authenticated if the proponent provides "evidence sufficient to support a finding that the matter in question is what its proponent claims." *People v Muhammad*, 326 Mich App 40, 59; 931 NW2d 20 (2018) (cleaned up). Riser testified that she knew defendant's phone number because he is her nephew and the two had exchanged messages before. Riser recognized that the proffered messages came from that number. Riser reviewed the screenshots and identified them as depicting the messages she received on the day in question. This testimony was sufficient to authenticate the evidence. Defendant is not entitled to relief.

## V. SUFFICIENCY OF THE EVIDENCE

Finally, defendant contends that the prosecution presented insufficient evidence to support his convictions of felon-in-possession of a firearm and felon-in-possession of ammunition as those charges stemmed from conduct on July 20, but were based on the AK-47 and ammunition uncovered on July 27. Defendant's argument is flawed as the court permitted amendment of the information to charge defendant as being a felon in possession of either the AK-47 or the handgun with the accompanying ammunition.

We review de novo whether sufficient evidence was introduced to support a defendant's conviction. *People v Murphy*, 321 Mich App 355, 358; 910 NW2d 374 (2017). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (cleaned up). "All conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016) (cleaned up).

The evidence sufficed to establish that defendant possessed an AK-47 on July 20, 2018. On that day, defendant sent a photograph of an AK-47 to Riser. Upon his arrest a week later, police officers found an AK-47 in the home through which defendant tried to escape. Both the pictured AK-47 and the one found in the home had a unique feature—a missing buttstock. "Possession can be proved by circumstantial or direct evidence. . . ." *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012). The court could determine from this evidence that defendant possessed the same weapon on July 20. Alternatively, multiple witnesses testified that defendant pointed a black or chrome handgun at Riser on July 20. This evidence, too, supported defendant's conviction of felon-in-possession of a firearm.

We agree with defendant that no evidence supported that he possessed AK-47 ammunition on July 20. The ammunition was not included in the picture texted to Riser. However, this conclusion does not require reversal because the prosecution presented sufficient evidence that defendant possessed ammunition for a handgun on that date. Although the handgun was never uncovered, multiple witnesses testified that defendant possessed a black or chrome handgun on

the evening of July 20, 2018.  The weapon was loaded as defendant fired the handgun several times at Riser's vehicle as she drove away at high speeds.  This evidence sufficed to prove that defendant also possessed ammunition on July 20.

We affirm.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher